**Opinion filed June 5, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00141-CR
_____

**MANUEL CUELLAR, Appellant CR 80**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 16362 CR 80**

## M E M O R A N D U M   O P I N I O N

Appellant, Manuel Cuellar, was convicted by a jury of possessing less than one gram of heroin, punishable as a second-degree felony following his pleas of "true" to the enhancement allegations. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.115(b) (West Supp. 2024); TEX. PENAL CODE ANN. § 12.425(b)

(West 2019).  The jury assessed Appellant's punishment at imprisonment for fifteen years in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced Appellant accordingly.

Appellant's court-appointed counsel has filed a motion to withdraw and supporting brief in which he assures this court that, after conducting a professional evaluation of the record and applicable law, there are no arguable issues to present on appeal.  *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008).  Counsel further certifies that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record.  Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 68; *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief.  Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that no arguable grounds for appeal exist.[1]  *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).  We note that the evidence established that law enforcement stopped Appellant's vehicle after he failed to properly signal his intention to turn at an intersection.  *See* TEX. TRANSP. CODE ANN. § 545.104 (West 2022).  Law enforcement observed in plain view on the driver's side floorboard a syringe that

---

[1]Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.

was later determined to contain 0.68 grams of heroin, a controlled substance in penalty group one.  *See* HEALTH & SAFETY § 481.102(2).  Appellant admitted to law enforcement that the substance in the syringe was heroin and testified at trial that he knowingly possessed the heroin.  Having found no non-frivolous issues elsewhere in the record, we agree that this appeal is without merit.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

June 5, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3